IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT DEVELOPMENT, a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>TOD M. TOUTON, individually and as an employee, officer, director, shareholder, partner and/or member attorney of LIONEL SAWYER & COLLINS, LTD., LIONEL SAWYER & COLLINS, LTD., a professional corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | NO. 1:10-0476 AWI DLB<br><br>**ORDER FINDING LACK OF PERSONAL JURISDICTION OVER DEFENDANTS AND TRANSFERRING CASE**<br><br>[Document # 10] |

      This is an action in diversity for legal malpractice and breach of fiduciary duty by Plaintiff Bright Development Corp. ("Bright" or "Plaintiff") against the Nevada law firm of Lionel Sawyer & Collins, Ltd., and Todd M. Touton, an individual attorney employed by that law firm (collectively, "Defendants"). In the instant action, Defendants seek to dismiss the action PURSUANT TO Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction or, in the alternative, to transfer based on enforcement of the forum selection provision contained in the engagement agreement the parties executed prior to Defendants' representation of Plaintiff in underlying construction lawsuits. This court has jurisdiction pursuant to 28 U.S.C. § 1332 to determine both its jurisdiction and the venue issue presented by

Defendants' motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a California corporation located in Stanislaus County that engages in the development of residential subdivisions in California's Central Valley and in Northern Nevada. The parties do not dispute that, between 1999 and 2005, Plaintiff developed a 130-home development in Sparks, Nevada (the "Development"). Beginning in August of 2002 Bright began receiving complaints of structural cracks in homes and common areas in the Development. The structural problems appeared to be connected to work performed by two subcontractors who were separately insured for liability arising from construction defects. Early in 2005, Plaintiff approached Defendants for the purpose of seeking legal representation in an anticipated class action lawsuit and for other matters arising out of the construction defects. On or about February 12, 2005, Defendants undertook representation of Plaintiff pursuant to a letter of engagement which was signed on behalf of Plaintiff by Ms. Carol Bright, Plaintiff's secretary.

The Engagement Letter provided as follows, in pertinent part:

<u>Scope of Engagement</u>

The Firm is engaged to provide legal representation with two construction defect matters, business entity and structural matters and other miscellaneous and associated legal matters ("the Matters").

<u>Dispute Arbitration</u>

Any dispute with respect to this engagement or as to the amount of legal fees shall be submitted for final and binding arbitration in Nevada. If the entire dispute can and will be heard by the Fee dispute Committee of the State Bar of Nevada, then that shall be the forum for arbitration. If the entire dispute cannot or will not be heard by the Fee Dispute Committee of the State Bar of Nevada, then the entire dispute shall be submitted for arbitration before the American Arbitration Association.

<u>Intergation</u>

This engagement letter contains the entire agreement between the Client and the Firm regarding the Matters and the fees, costs and expenses relative to the Matters. This engagement letter shall not be modified except by written agreement signed by the Firm and the Client. This engagement letter shall be binding upon the Client and the Firm and their respective heirs, executors, legal representatives and successors.

Doc.# 11-1, Exh. A-1.

In his affidavit in support of Defendants' motion to dismiss, Defendant Touton states:

> 16.   Bright solicited [Defendants' law firm] representation in Nevada and all aspects of [the Firm's] representation were undertaken in Nevada.  Neither I nor any other representative of [the Firm] ever traveled to California to meet with Ms. Bright, any other representative of Bright, or any other person or entity on Bright's behalf.  All personal meetings with Bright were held in Bright's offices at the [Development] in Sparks, Nevada or at [the Firm's] offices in Reno, Nevada.  All aspects of Bright's pending dispute with [the Firm] pertain to Bright's [Development] in Sparks, Nevada and are governed by the Engagement Letter, requiring binding and final arbitration in Nevada.

Doc. # 11-1 at ¶ 16.

To support its contention that Defendants are subject to personal jurisdiction in California courts, Plaintiffs allege a number of instances in which Defendants communicated or interacted with parties in California.  Those instances include several instances where copies of communications that were carried out on behalf of Plaintiffs between Defendants and third parties located in California, Nevada and other states and were faxed to Plaintiff's office in California.  Similarly, Plaintiffs point to a number of instances where correspondence between Defendants and  insurance entities, engineering firms, claims processing services, claims investigators and various other insurance-related persons and entities were copied and faxed to Plaintiffs in California.  Defendants do not dispute that the communications alleged by Plaintiff occurred or that the communications were directed both to Plaintiff and to other persons and entities in California.  Defendants simply contend that such communications incidental to Defendant representation of Plaintiff, are not sufficient to constitute personal jurisdiction over Defendants in California courts.

Plaintiff's complaint alleging one claim for professional negligence and one claim for breach of fiduciary duty  was filed in this court on March 16, 2010.   The instant motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure was filed on May 18, 2010. Plaintiff's opposition was filed on June 7, 2010, and Defendants' reply was filed on June 14, 2010.  Hearing on oral argument was vacated and the matter was taken under submission as

of June 21, 2010.

## LEGAL STANDARD

Plaintiff bears the burden of establishing that the Court has personal jurisdiction. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004); Mattel, Inc. v. Greiner & Hausser, GmbH, 354 F.3d 857, 862 (9th Cir. 2003); Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977). However, where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff "need only make a prima facie showing of jurisdictional facts." Schwarzenegger, 374 F.3d at 800; Mattel, 354 F.3d at 862; Dole Food, 303 F.3d at 1108. "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' . . . uncontroverted allegations in the complaint must be taken as true." Schwarzenegger, 374 F.3d at 800 (quoting Amba Marketing Systems, 551 F.2d at 787); Dole Food, 303 F.3d at 1108; AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). Any conflicts between facts contained within the declarations or affidavits submitted by the parties are resolved in the plaintiffs' favor for purposes of plaintiffs' prima facie case. See Schwarzenegger, 374 F.3d at 800; Mattel, 354 F.3d at 862; Dole Food, 303 F.3d at 1108; AT&T, 94 F.3d at 588.

In the absence of a specific statutory provision, federal courts apply the personal jurisdiction laws of the state in which they are situated. See Schwarzenegger, 374 F.3d at 800-01. "Because California's long-arm jurisdictional statute [Cal. Civ. Proc. Code § 410.10] is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." Id. "A state may exercise either general or specific jurisdiction over a defendant." Lake v. Lake, 817 F.2d 1416, 1420-21 (9th Cir. 1987). In the instant case, there is no contention that general personal jurisdiction over Defendants exists. The

court therefore will confine its inquiry to whether specific personal jurisdiction exists.

Courts in this circuit employ a three-part test to "evaluate the nature and quality of defendants' contacts for purposes of specific jurisdiction:

> (A) some action must be taken whereby defendant purposefully avails himself of herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws;
>
> (B) the claim must arise out of or result from defendant's forum-related activities; and
>
> (C) the exercise of jurisdiction must be reasonable."

Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing Cubbage v. Merchent, 744 F.2d 665, 668 (9th Cir. 1984)).

The purposeful availment test requires more than simple foreseeability of causing injury in another state. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 560 (9th Cir. 1995). The foreseeability required by due process analysis is that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. It is the purposeful availment prong that prevents defendants from being "haled into a jurisdiction through random, fortuitous, or attenuated contacts." Id. "Purposeful availment" requires that the defendant "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).

If a court has finds purposeful availment, the reasonableness of jurisdiction is presumed. Sher, 911 F.2d at 1364. The burden is then shifted to the defendant to show "the presence of some other considerations that would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Dole Food, 303 F.3d at 1114. In determining whether the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," courts are to consider seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest

      in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Dole Food, 303 F.3d at 1114.

## DISCUSSION

**I. Personal Jurisdiction**

This court's analysis of personal jurisdiction in this case is dominated by the Ninth Circuit's decision in Sher v. Johnson. In Sher, a California resident charged with a crime in Florida retained Florida counsel for representation in the criminal matter, but later sued in California for legal malpractice based on the defendant Florida counsel's performance in the criminal case. Although the Sher court ultimately found personal jurisdiction over the Florida law firm, a limited liability partnership, its decision very explicitly sets forth the facts are incidental to legal representation and do not amount to purposeful availment, and very specifically notes the single fact upon which the decision turned in that case. The Sher court held:

> Out of state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business withing the forum state. This, of course, is not the end of the matter, the Shers allege several additional contacts between the [law firm] and California. For example, on three occasions Johnson traveled to Los Angeles to meet with the [plaintiffs]in connection with the [law firm's] representation of Sher. Even this action, however, when combined with the firm's underlying representation of a California client, does not constitute purposeful availment of the privilege of conducting activities within California.

Sher, 911 F.2d at 1363. The Sher court noted that the normal incidents of representation of a client in a foreign forum, including the acceptance of payment from a California bank, the making of telephone calls and the sending of letters to California, do not, by themselves "establish the purposeful availment." Id. at 1362. Likewise, the existence of a contract, such as an agreement of representation, in the forum state, even with the aforementioned activities incident to the representation contract, does not constitute purposeful availment. Id.

      The fact upon which Sher found personal jurisdiction was that the law firm accepted

property in California that belonged to the plaintiff as payment for representation. Id. at 1363 - 1364. By doing so, the Sher court found that the law firm purposely availed itself of the laws of California in order to receive the benefit of the assignment of the property located there. Other courts considering similar facts base the finding of personal jurisdiction, where it is found, on some conduct by the defendant that takes the professional services rendered in the foreign forum out of the realm of ordinary representation. See, e.g., Krug v. Lomonaco, 2 F.3d 1157, 1993 WL 300617 (9th Cir. 1993) at *2 (personal jurisdiction found where Tennessee attorney representing California client in Tennessee undertook action to promote business within California including requesting to represent client in pending California actions and being admitted pro hac vice in California); McKesson Corp. V. Aurther Andersen, 2005 WL 3260288 (N.D. Cal. 2005) at *6 (personal jurisdiction were defendant working for accounting firm from foreign jurisdiction makes representations to a third party in California that were foreseeably acted upon by third party to its detriment); Span Construction & Engineering v. Stephens, 2006 WL 1883391 (E.D. Cal. 2006) at *9 (personal jurisdiction found where defendant is *employed* by plaintiff and receives employment benefits even though employee was hired and works solely in foreign jurisdiction).

  The court has examined the facts of this case carefully and finds there is nothing that distinguishes the facts in this case from those in Sher. The instances Plaintiff alleges to support her claim of personal jurisdiction in California amount to no more than the incidentals of legal representation. The incidents Plaintiffs contends constitute purposeful availment are for the most part communications originating in Nevada and received in California or conversations originating in Nevada pertaining to the matters pending there. "To determine personal jurisdiction 'in the case of personal service[,] focus must be on the place where the services are rendered, since this is the place of the receiver's need.' [Citation.]" Pyle v. Hatley, 239 F.Supp.2d 970, 981 (C.D. Cal. 2002) (quoting Wright v. Yackley, 459 F.2d 287, 289 (9th Cir. 1972)). The facts alleged by both parties indicates that all services that comprised Defendants' representation

of Plaintiff originated and were rendered in Nevada.  All communications referenced by Plaintiff were incidental to Nevada-based representation services.

The fact that the matter Defendants represented Plaintiff in may have been more complex than the criminal matter at issue in Sher does not serve to distinguish that case from the case at bar.  If anything, the facts of the instant case tend to show less connection between the representation activities in Nevada and the California forum that was the case in Sher.  Here, there are no facts alleged to indicate that Defendant attorneys ever visited Plaintiff in California before or during their representation and did not even sign the engagement letter in California.

The court finds that Plaintiff has failed to show that Defendants purposely availed themselves of the benefits and protections of California law.  Because Plaintiffs have not alleged facts sufficient to constitute purposeful availment, Plaintiff necessarily fails to state a prima facae case for personal jurisdiction over Defendants in the California forum.  The court will find it lacks personal jurisdiction over Defendants and, pursuant to the discussion that follows, will transfer the case to the Nevada District.

Because the court lacks personal jurisdiction over Defendants, it need not address Plaintiff's contentions with regard to venue.

**II. Transfer**

Plaintiff requests that, should personal jurisdiction be found lacking, the court transfer the matter to the District Court of Nevada, rather than dismiss the case, so that statute of limitations issues may be avoided.  Pursuant to 28 U.S.C. § 1406(a), a district court is empowered to transfer a case that lays venue in the wrong court to "any district or division in which [the case] could have been brought."  Id.  "Under a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court *shall* transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'  Citation."  Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (italics added).  "The language of § 1406(a) is broad enough to authorize the transfer of cases, however wrong the plaintiff may

8

have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted may on the procedural changes of the past few years – that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

The only concern the court has in transferring the case is that it may be the case that, under Nevada law, any district court lacks subject matter jurisdiction where, as here, there is what appears to be a valid arbitration agreement. However, as Plaintiff points out, there is no motion to compel arbitration currently pending and this court finds that the determination of such issues is better left to the court having both proper venue and jurisdiction over the parties and subject matter. The court finds Defendants argument against transfer unpersuasive and will therefore transfer the case to the District of Nevada, the forum that is acknowledged by both parties as having both subject matter and personal jurisdiction over this case.

THEREFORE, in accord with the foregoing discussion, the court finds it lacks personal jurisdiction over Defendants in this case. It is hereby ORDERED that the clerk of the court shall transfer this action to the District Court of Nevada forthwith.

IT IS SO ORDERED.

Dated:     July 16, 2010                                    _____
                                                            CHIEF UNITED STATES DISTRICT JUDGE